IN THE SUPREME COURT OF THE STATE OF DELAWARE

WALTER ALLEN, §
§ No. 447, 2015
  Defendant Below- §
  Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § Cr. ID 0304013214
§
  Plaintiff Below- §
  Appellee. §

Submitted: November 6, 2015
Decided: January 8, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices

**ORDER**

This 8th day of January 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Walter Allen, filed this appeal from a Superior Court order, dated June 15, 2015, which modified his violation of probation ("VOP") sentence. After careful consideration of the parties' contentions on appeal, we conclude that the Court is without jurisdiction to consider Allen's points concerning the merits of the Superior Court's VOP finding. Nonetheless, as the State laudably concedes, the Superior Court's modified VOP sentencing order must be vacated and this matter remanded to the Superior Court for further proceedings.

(2) The record reflects that Allen pled guilty in October 2005 to one count each of Robbery in the First Degree and Possession of a Firearm During the Commission of a Felony. The Superior Court sentenced him on the robbery charge to five years at Level V incarceration, to be suspended after serving two years for two years at Level III probation, and on the PFDCF to three years at Level V incarceration. After his sentencing, Allen was returned to the State of Pennsylvania to finish serving a sentence there. He was returned to Delaware in December 2010 to begin serving his 2005 sentence. In November 2011, the Superior Court modified Allen's robbery sentence to five years at Level V, to be suspended after serving two years for six months at Level IV work release and one year at Level III probation.

(3) In February 2015, Allen was charged with his first VOP. On February 25, 2015, the Superior Court found that Allen had violated the probation on his robbery conviction and sentenced him to five years at Level V incarceration suspended after serving one year in prison for one year at Level III probation. The record reflects that Allen was represented by counsel at the VOP hearing and that counsel advised Allen of his right to appeal. Allen did not appeal the VOP finding or sentence.

(4) In June 2015, the Department of Correction filed a progress report, asking the Superior Court to modify Allen's VOP sentence to two years at Level V

2

incarceration and to discharge him from serving any further probation as unimproved and return him to Pennsylvania for parole supervision on his Pennsylvania sentence. On June 15, 2015, the Superior Court issued a modified VOP sentencing order sentencing Allen to two years at Level V incarceration, with credit for 32 days served, with no probation to follow. Allen appeals that order.

(5)  Allen raises three arguments in his opening brief on appeal. He contends that the grounds asserted for the underlying VOP charge were false. He also contends that he was on work release and not probation and, therefore, he could not have been charged with a VOP. Finally, he contends that his VOP sentence is illegal.

(6)  Allen's failure to file a timely notice of appeal from the February 25, 2015 VOP proceedings precludes this Court's review of Allen's claims attacking the underlying VOP finding.[1] Moreover, to the extent Allen challenges the Superior Court's jurisdiction to issue a VOP finding while Allen was serving the work release portion of his sentence, that claim has no merit. The Superior Court has the authority to revoke a probationary sentence at any time, even before a defendant begins to serve it.[2]

---

[1] *Smith v. State*, 47 A.3d 481, 484 (Del. 2012).

[2] 11 *Del. C.* § 4333(a); *Perry v. State*, 741 A.2d 359, 362 (Del. 1999).

3

(7)     Allen's claim regarding the legality of the Superior Court's June 2015 modified VOP sentencing order does have merit. The Superior Court did not give Allen notice or an opportunity to be heard on the DOC's petition to increase the Level V portion of Allen's sentence and to discharge him from further probation. Allen was entitled to be present, with counsel, at a hearing before the Superior Court exercised its discretion to resentence him.[3] Accordingly, the modified VOP sentence must be vacated and this matter must be remanded for further proceedings. On remand, the Superior Court either must hold a hearing on the DOC's petition for modification at which Allen has the right to be present with counsel, or it must reinstate its original VOP sentence.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's June 15, 2015 modified VOP sentencing order is hereby VACATED, and this matter is REMANDED for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

_____
Justice

---

[3] *Fullman v. State*, 431 A.2d 1260, 1664-65 (Del. 1981).